John G. Garner and Winnifred T. Garner v. commissioner.
Garner v. Commissioner
Docket Nos. 5239-66, 2650-67, 2784-67.
United States Tax Court
T.C. Memo 1970-333; 1970 Tax Ct. Memo LEXIS 26; 29 T.C.M. (CCH) 1590; T.C.M. (RIA) 70333; December 1, 1970. Filed John G. Garner, pro se, 6951 Dublin Fair Rd., Troy, Mich.Ralph F. Keister, for the respondent. SCOTT Memorandum Findings of Fact and Opinion SCOTT, Judge: Respondent determined deficiencies in petitioners' income taxes for the calendar years 1961, 1962, and 1963 in the amounts of $496.85, $1,597.78, and $370.72, respectively, and additions to taxes under section 6651(a), I.R.C. 1954, [1] for failure to timely file income tax returns for these years in the amounts of $124.21, $339.45, and $55.61, respectively. The issue for decision is whether respondent properly computed petitioner John G. Garner's business income for each of the years here in issue, and for the year 1962 whether petitioners are entitled to a deduction for a charitable contribution *27 in excess of the amount allowed by respondent. [2] The following are the specific items which petitioners contend were improperly determined for each year: (1) For the year 1961 (a) A sale of $850 to Lockhart Manufacturing Co., which was included by respondent in petitioner's 1961 sales, was actually a sale made by petitioner on January 2, 1962, which was included in his sales for the year 1962. (b) An item of $750, which was included in petitioner's income as a forgiveness of indebtedness by Hammer Industries, Inc., was overstated and the proper amount of such income should be $425. (c) A purchase made by petitioner from Albert B. Crawford should be $500 instead of the $350 used in respondent's computation. (d) A purchase made from McDaniel Tank Manufacturing Co., which respondent included at $150 should be $250. (e) A purchase from McCord Corporation which was included in purchases by respondent at $490 should properly have been included at $700. (f) A purchase from The Brunswick-Balke-Collender Co., included by respondent at $600 should have been included at $750. (g) A purchase from Great Lakes Material Handling included by respondent at $400 should have been included *28 at $434.75. (h) Petitioner's inventory as of December 31, 1961, should have been $900 instead of $1,360 as used by respondent. (2) For the year 1962 (a) Respondent improperly included in sales an amount of $3,500 covering a sale on February 14, 1962, to Daniel P. Schertzing which sale was never consummated. (b) An item of purchases from E. J. Wood should be included in an amount of $900 instead of $600 as used by respondent in his computation. (c) Advertisement expenses determined by respondent should be increased from $170.80 to $800 and storage expenses should be allowed in the amount of $500. 1591 (d) Petitioner should be allowed an additional interest deduction for $545 of interest paid in cash and should be allowed an additional deduction for charitable contributions of $290. (3) For the year 1963 (a) A sale included in respondent's computation to the Donati Precision Grinding Company in the amount of $1,400 should have been included at only $900. (b) A sale *29 to A. A. Treda shown in respondent's computation at $950 should have been included at only $850. (c) Purchases as determined by respondent failed to include a purchase by petitioner from PM Tool & Manufacturing Company in the amount of $525. Findings of Fact Some of the facts have been stipulated and are found accordingly. Petitioners, husband and wife, were legal residents of the State of Michigan at the time of the filing of their petition in this case. They filed joint Federal income tax returns for the calendar years 1961, 1962, and 1963 with the district director of internal revenue at Detroit, Michigan, on November 1, 1962, April 13, 1964, and July 6, 1964, respectively. During the years here in issue petitioner John G. Garner (herein referred to as petitioner) was engaged in the business of purchasing and selling used equipment and machinery. Petitioner kept whatever records he maintained on columnar bookkeeping paper in an unbound form, supplemented by some of the original documents covering his business transactions such as sales and purchases invoices, conditional sales contracts, and receipts. When petitioners' income tax returns were investigated by an internal *30 revenue agent, the agent attempted to determine sales, purchases, inventories, and expenses from the sheets furnished by petitioner. This determination was subsequently reviewed and discussed with petitioner by other representatives of respondent prior to issuance of the notices of deficiency. Respondent concluded that petitioner's purchases and sales should be computed on an accrual basis of accounting and his expenses should be determined on a cash basis. Included in the sales as determined by respondent for the year 1961 was an item of a machine sold to Lockhart Manufacturing Co. for $850. This same item was also included as a sale made on January 2, 1962, in respondent's computation of sales for the year 1962. In 1960 petitioner gave Hammer Industries, Inc., a note for $600 and received from that company $525 in cash. Later in 1960 petitioner paid $100 on the note to Hammer Industries, Inc., by delivery to Hammer Industries of a machine which Hammer Industries accepted at a value of $100. Petitioner had paid no more on the note when he had a dispute with Hammer Industries with respect to the sale of a certain machine by him for Hammer Industries. Hammer Industries sued petitioner *31 to obtain payment of the $600 note, and petitioner filed a counterclaim against Hammer Industries with respect to the sale. The suit was settled in 1961 by Hammer Industries forgiving any balance petitioner owed on the note and transferring to petitioner two machines. Petitioner later in 1961 sold the two machines and the total amount received for these two machines is included in sales for 1961 as determined by respondent but no amount for the machines is included in purchases. On June 21, 1961, petitioner purchased a machine from Albert B. Crawford and on the date of purchase paid to the seller $350 by cashier's check on the Detroit Bank and Trust Company and gave to the seller a promissory note for $150 due 300 days from the date of purchase for the balance of the $500 purchase price. This purchase was included by respondent at an amount of $350 in computing petitioner's income for 1961. On September 25, 1961, petitioner purchased certain used equipment consisting of hot water heating units with electric motors for a total price of $100 from the McDaniel Tank Manufacturing Co. On November 10, he purchased from the same company some used lifter hoists for $150. Respondent in *32 his computation of petitioner's purchases for the year 1961 included three items of purchases from McDaniel Tank Manufacturing Co., one in the amount of $50, one in the amount of $100, and one in the amount of $1,600. On October 30, 1961, petitioner purchased 11 OBI presses from McCord Corporation for $700. Respondent in his computation of petitioner's purchases for the year 1961 showed two purchases from McCord Corporation, one of $140 and one of $350. On October 17, 1961, petitioner purchased some scrap presses from The Brunswick-Balke-Collender Co., for $750, paying $600 1592 at or prior to the invoice date for the presses, leaving a balance due on the presses of $150. Respondent in his computation of petitioner's purchases for 1961 included only one purchase from The Brunswick-Balke-Collender Co., and that purchase was shown in the amount of $600. Petitioner purchased a mobilift model F-63 from Great Lakes Material Handling, the invoice with respect to which was dated November 20, 1961. The invoice showed the purchase price as $400 and cartage costs which were due in 10 days at $34.75. Respondent in his computation of petitioner's purchases for the year 1961 included *33 this piece of machinery in purchases at $400. In computing petitioner's inventory as of December 31, 1961, respondent included five bench presses at $30 each and one crane at $300. On August 4, 1961, petitioner purchased from Eaton Manufacturing Company five bench presses at $30 each and one crane at $300, making a total cost of $450. On November 30, 1961, petitioner sold two of the bench presses. Also included in the inventory was a blower which petitioner had purchased and later used as security for a loan of $500. On February 14, 1962, petitioner sold to Daniel P. Schertzing under a conditional sales contract one used Cincinnati power square shear. The total price of the machine was listed at $3,500, and petitioner received $1,700 in cash at the time of the execution of the sales agreement. The sales agreement provided for delivery to be made on March 15, 1962, and the balance of the purchase price was to be paid on or before the delivery date. On February 14, at the time the conditional sales contract between petitioner and Daniel P. Schertzing was entered into, petitioner entered into an agreement with Daniel P. Schertzing that he would repurchase the used Cincinnati power *34 square shear on April 15, 1962, for $3,840. Prior to actual consummation of either of these contracts petitioner and Daniel P. Schertzing revised them so that Daniel P. Schertzing, in return for the $1,700 he had paid petitioner, accepted a lift-truck which petitioner had purchased from Westinghouse Corporation and a return of $740 cash. Respondent in his computation of petitioner's sales for 1962 included a sale of a Cincinnati power square shear by petitioner to Daniel P. Schertzing at $3,500 but did not include a sale of a lift-truck to Daniel Schertzing by petitioner. Respondent included in petitioner's 1962 sales a sale of a Cincinnati power square shear to Donati Precision Grinding Company for $5,600. This is the same shear which was to be sold to Daniel P. Schertzing under the contract which was never carried out. Respondent in his computation of purchases made by petitioner in 1962 included a purchase by petitioner in August 1962 from E. J. Wood of two machines with two separate amounts, one of $1,050, and one of $450 shown as the purchase price. No other purchases were shown in respondent's computation as having been made from E. J. Wood. Petitioner on his income tax return *35 claimed total deductions of business expenses of $10,715.32 for 1962 and respondent in the notice of deficiency allowed deductions of $11,753.48. In the statement attached to the deficiency notice, respondent itemized the deductions claimed by petitioner and the increase or decrease, if any, made by respondent in each such claimed deduction. The deductions claimed by petitioner showed an item for advertising of $170.80 which was allowed in the same amount by respondent and a deduction for trucking in the amount of $710.56 which was allowed in the same amount by respondent. On his income tax return for the year 1961, petitioner had listed as a deduction an item of "Trucking & Storage $393.94," which was allowed by respondent. In the itemized deductions shown by respondent as being claimed on petitioner's income tax return as business expenses for 1962 was a deduction for business interest expense in the amount of $768.40, of which respondent in his computation allowed $325. During the year 1962 petitioner paid in cash interest in the amount of $545. Petitioner on his income tax return for 1962 claimed charitable contributions in the amount of $295, which claimed deduction was *36 allowed by respondent. On June 18, 1963, petitioner entered into a conditional sales contract with Donati Precision Grinding Company to sell to that company one used Cincinnati horizontal mill for $900 cash and five OBI presses. The bill of sale recited that the presses would be considered to have a value of $500, making the total price of the machine sold by petitioner to Donati Precision Grinding Company $1,400. Shortly after entering into this agreement petitioner actually sold the five presses to R & B Products 1593 Company for $375. Respondent in his computation of petitioner's sales for 1963 showed the sale made to Donati Precision Grinding Company in June 1963 at a sale price of $1,400 and showed the sale made in June to R & B Products Company at a sale price of $375. No amount was shown in petitioner's 1963 purchases as a purchase by petitioner of five presses from Donati Precision Grinding Company. Respondent in his computation of petitioner's sales for the year 1963 included a sale to A.A. Treda in an amount of $950. The only sale which petitioner made to A.A. Treda during 1963 was the sale of a used machine for $850. On July 3, 1963, petitioner purchased from PM *37 Tool & Manufacturing Company one used Model No. 401 Campbell Cut O Matic machine for $525. Respondent in his computation of petitioner's purchases for the year 1963 included no amount as a purchase from PM Tool & Manufacturing Company. Respondent in his notice of deficiency recomputed petitioner's taxable income for the years here in issue by showing detailed computations of sales as shown in petitioner's income tax returns, adjustments made to sales, cost of goods sold as shown in petitioner's return with adjustments made by respondent to cost of goods sold and business expense deductions as shown in petitioner's returns with adjustments as made by respondent. Petitioner at the trial and on brief contested only the adjustments which we have set forth in detail under the statement of the issue. Ultimate Findings of Fact (1) Petitioners' taxable income as computed by respondent for the year 1961 should be adjusted in the following respects: (a) Reduce sales by $850 representing a sale shown as being made to Lockhart Manufacturing Co. (b) Reduce the amount of income of $750 shown as forgiveness of indebtedness by Hammer Industries, Inc., to the amount of $500. (c) Increase *38 the amount of the purchase from Albert B. Crawford from $350 to $500, the purchase from McCord Corporation from $490 to $700 and the purchase from The Brunswick-Balke-Collender Co. from $600 to $750. (d) Reduce petitioner's inventory as of December 31, 1961, by $60. (2) Petitioner's taxable income as computed by respondent for the year 1962 should be adjusted in the following manner: (a) Eliminate the $3,500 sale to Daniel P. Schertzing and substitute in lieu thereof a sale of $960. (b) Increase petitioner's deduction for business expense interest by $220. (3) Petitioner's taxable income as computed by respondent for the year 1963 should be adjusted in the following manner: (a) Reduce the item of sales to Donati Precision Grinding Company from $1,400 to $900. (b) Reduce the sale shown to A.A. Treda from $950 to $850. (c) Increase purchases by $525 representing a purchase from PM Tool & Manufacturing Company. (4) Petitioner has failed to establish that respondent erred in the computation of his taxable income for the years here in issue except with respect to the items heretofore set forth in our Ultimate Findings of Fact numbered (1), (2), and (3). Opinion The *39 issues here are purely factual. At the trial petitioner produced various original invoices and other documents to show errors in the computation which the parties had agreed formed the basis of respondent's determination. Respondent on brief made no analysis of any of the evidence produced by petitioner, but merely made an argument that petitioner had failed to meet his burden of proof. Petitioner in his brief merely set forth references to the transcript of record in contending that he had supported the adjustments which he claimed. After considering petitioner's testimony and the documentary evidence produced at the trial, we have concluded and so found as an ultimate fact that petitioner is correct in his contention that the sale to Lockhart Manufacturing Co. was included in both 1961 and 1962 sales and that it should properly be eliminated from 1961 sales. We have also concluded that petitioner was correct that the machines which he received in the settlement with Hammer Industries, Inc., were not included in his purchases but when he sold the machines they were included in his sales, and 1594 therefore, no amount representing the value of the machines should again be included *40 in his income. We have also concluded that petitioner has established that he had repaid $100 on the $600 note he gave to Hammer Industries, Inc. However, since the $75 difference in the money received by petitioner when he gave the note to Hammer Industries, Inc. and the $525 which petitioner received was apparently intended to represent prepaid interest, and petitioner has not shown that his interest was not deducted by him in computing his taxable income for 1960, we have concluded that the amount to be properly included in petitioner's income is $500 and not the $425 which petitioner contends should be included. Since respondent has recomputed petitioner's sales and purchases on an accrual basis, and petitioner has not objected to this method of recomputation, the total cost of the machine purchased by petitioner from Albert B. Crawford is properly includable in purchases and not only the $350 paid by petitioner in cash. We have not allowed petitioner the extra $100 which he claimed should be allowed as increased purchases from McDaniel Tank Manufacturing Co. The purchases for the year 1961 as computed by respondent included three items from McDaniel Tank Manufacturing Company, *41 one for $100, one for $50, and one for $1,600. Petitioner has not shown that the extra $100 which he claims should be included in his purchases was not included in the $1,600 item. Again, with respect to McCord Corporation, respondent included only petitioner's cash payment for machines purchased from that corporation and since petitioner's purchases are being computed on an accrual basis he should have included the total cost of the machines of $700. The same situation prevails with respect to petitioner's purchases from The Brunswick-Balke-Collender Co. of scrap presses. The purchase price was $750 and petitioner paid $600 cash, leaving a balance due of $150. However, since petitioner's purchases are being recomputed on an accrual basis, the proper amount to be included in petitioner's purchases is $750. We have not increased petitioner's purchases from Great Lakes Material Handling since the extra $34.75 represented cartage. The record is not clear as to whether this item is included in petitioner's deductible business expenses. We have reduced petitioner's inventory by $60 representing two presses for which he had paid $30 each which he had sold before the end of the year *42 but which were included in his inventory. We have not reduced the inventory by the additional $400 by which petitioner contends it should be reduced. As petitioner contends, his inventory is apparently computed on the basis of cost and therefore the blower which petitioner used as collateral to borrow $500 should be included at its cost. However, the record is not sufficiently clear to support petitioner's contention that the cost of this item was only $100. We think the record is clear that petitioner never consummated the sale of a Cincinnati power square shear to Daniel P. Schertzing, but that he actually sold this machine in April 1962 to Donati Precision Grinding Company for $5,600 and that this $5,600 is included in petitioner's sales for 1962 in respondent's determination. However, petitioner refunded to Daniel P. Schertzing only $740 of the $1,700 which had been paid to him for the press and delivered a lift-truck to Schertzing for the remaining $960. We do not find this $960 in petitioner's sales and therefore conclude it should be included as a sale to Daniel P. Schertzing instead of the $3,500. Respondent in his computation of petitioner's purchases for 1962 included *43 a purchase by petitioner from E. J. Wood in the amount of $1,050 and he included another purchase of $450. Petitioner has not shown that any further purchases from E. J. Wood should be included. Therefore, we have not increased petitioner's purchases by an additional $300 purchase from E. J. Wood. Respondent allowed to petitioner the amount petitioner claimed in his return for 1962 for advertising expenses, and petitioner has not introduced evidence sufficient to show that any greater amount is allowable. Petitioner's argument that he should be allowed storage expenses of $500 in 1962 is based on the fact that he was allowed trucking and storage expenses in 1961. The record shows that petitioner was actually allowed trucking expenses for the year 1962 and there is nothing to show that this trucking expense did not include whatever amount petitioner might have paid for storage to the trucking companies when he did not immediately take delivery of his machinery. Petitioner has not established that 1595 he is entitled to any other amount of storage expenses for the year 1962. Petitioner showed that he made a payment of interest in connection with the operation of his business *44 of $545 in 1962. Petitioner claims that this amount should be added to whatever respondent allowed for a deduction as business expense for interest "if any". The record shows that respondent did allow $325 of a deduction as a business expense for interest paid by petitioner. Petitioner has failed to show any amount in excess of $545 is a proper deduction for interest paid in connection with his business and we have therefore concluded that this deduction should be increased by $220. Respondent allowed petitioner the amount of deductions which petitioner claimed on his return for charitable contributions and the evidence is not sufficient to show that petitioner is entitled to any additional deductions for charitable contributions. The record shows that petitioner sold a machine to Donati Precision Grinding Company in 1963 for a stated price of $1,400 but that he took five presses to discharge $500 of the price and that he sold the presses during 1963 for $375. The record also shows that the $375 which petitioner obtained for the presses from R & B Products is included in sales as computed by respondent. Therefore petitioner's sales as computed by respondent should be reduced by *45 $500 to adjust the sales to Donati Precision Grinding Company from $1,400 to $900. The record shows that petitioner's sale to A.A. Treda in 1963 was in the amount of $850 and that respondent was in error in including this sale in his computation of petitioner's taxable income at $950. Therefore, petitioner's 1963 sales should be reduced by $100 because of the overstatement of the sale to A.A. Treda. The record shows that petitioner made a purchase of used machines from PM Tool & Manufacturing Company in 1963 for $525 and that this purchase was not included by respondent in his computation of purchases used to make his determination of petitioner's taxable income for the year 1963. The record shows that petitioner's income tax return for each of the years here in issue was untimely filed. The record contains no evidence as to why petitioner failed to file his returns within the time allowed by statute. Therefore, we sustain respondent's determination of the additions to tax under section 6651(a). Decisions will be entered under Rule 50. Footnotes
1. All references are to the Internal Revenue Code of 1954.↩
2. Petitioners apparently do not contest the determination of the additions to tax for failure to timely file their returns aside from their contention that there is no deficiency in tax due.↩